**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10058 |
| Plaintiff - Appellant, | D.C. No. 2:10-cr-00109-RLH-PAL-1 |
| v. | |
| JENNA DEPUE, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Roger L. Hunt, Senior District Judge, Presiding

Submitted October 6, 2014[**]
San Francisco, California

Before: O'SCANNLAIN, THOMAS, and McKEOWN, Circuit Judges.

The government appeals the district court's order refusing to enter a criminal

forfeiture money judgment in the amount of $76,667 against defendant Jenna

Depue, despite a similar order having been vacated and remanded on a prior

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

appeal.  *See United States v. DePue*, 12-10289, 2012 WL 7688157, at *1 (9th Cir. Dec. 12, 2012).

Pursuant to 28 U.S.C. § 2461(c), when either criminal or civil forfeiture is authorized for a charged crime, the government is permitted to include notice of forfeiture in an information issued against the defendant.  If the government later obtains a conviction on such information—as occurred in this case—the district court is obligated to enter a forfeiture judgment against the defendant at the government's request.  *See United States v. Newman*, 659 F.3d 1235, 1239–40 (9th Cir. 2011).

Both civil and criminal forfeiture judgments are authorized for violations of 18 U.S.C. § 1349, the conspiracy statute under which Depue pleaded guilty.  *See* 18 U.S.C. § 981(a)(1)(C) (permitting civil forfeiture for conspiracy to violate 18 U.S.C. § 1344); 18 U.S.C. § 982(a)(2)(A) (permitting criminal forfeiture for conspiracy to violate 18 U.S.C. §§ 1341, 1343–44).  Because the government included notice of forfeiture in its criminal information, entry of a forfeiture judgment against Depue is mandatory pursuant to 28 U.S.C. § 2461(c), and the district court erred in refusing to enter such judgment at the government's request.  *See Newman*, 659 U.S. at 1239–40.

The government also requests that the case be reassigned to a different judge on remand.  In light of the sentencing judge's expressed views on the previous

remand that he refuses to be a party to mandatory forfeiture in this case, the judge can "reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed views . . . determined to be erroneous." *United States v. Arnett*, 628 F.2d 1162, 1165 (9th Cir. 1979) (citation omitted). We are satisfied that the legal questions are straightforward, that reassignment will not "entail waste and duplication out of proportion to any gain in preserving the appearance of fairness," and that reassignment is appropriate under these circumstances. *Id*. Accordingly, we order that the case be reassigned to a different judge on remand.

**VACATED and REMANDED.**